IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00888-WYD-MJW

CITIFINANCIAL MORTGAGE COMPANY, INC.,

      Plaintiff,

v.

SHERRON L. LEWIS, JR.,

      Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on Sherron Lewis's Amended Notice of

Removal of Case to United States District Court Pursuant to Title 28 U.S.C. §§

1441(a)(b) and 1452 [# 3], filed May 15, 2006; Defendant's Brief in Compliance with

Court's Order of May 18, 2006 [# 5], filed June 5, 2006; and Citifinancial Mortgage

Company's Response to Sherron L. Lewis Jr.'s Notice of Removal and Court's Order to

Show Cause [# 10], filed July 14, 2006.  The Court questioned the propriety of Mr.

Lewis's removal and ordered the parties to file briefing on this issue.  Having reviewed

the Removal, Defendant Lewis's Brief, and Citifinancial's Response and the

attachments thereto, the Court has concluded that this case was improperly removed.

Citifinancial provides numerous reasons why removal was not proper.  These

include that the state court action has been dismissed and, consequently, this action is

moot; that Mr. Lewis is not a real party in interest and lacks standing; that Mr. Lewis is

the debtor in a Chapter 7 bankruptcy proceeding and any rights or claims Mr. Lewis

had at the time of filing the bankruptcy regarding any bankruptcy estate are not his to exercise; that there is no appropriate basis for jurisdiction in this court; and that Mr. Lewis's removal is untimely.

By way of background, I note that the matter that Defendant Lewis seeks to remove to federal court was brought in Denver District Court via a Motion for an Order Authorizing Sale under Colorado Rule of Civil Procedure 120, which was filed on September 19, 2005.  The underlying facts involve Robert and Serena Threats, who defaulted on a loan, which caused Plaintiff Citifinancial to initiate a Public Trustee foreclosure of the property secured by the loan.  Citifinancial filed the abovementioned motion in connection with the foreclosure.  However, in October, 2005, the Threats filed a Chapter 7 Bankruptcy petition, staying the foreclosure action in Denver District Court. On May 7, 2006, Citifinancial was granted relief from the automatic stay in the Threats bankruptcy proceeding, and on May 12, 2006, Citifinancial determined that it was required to file a new foreclosure action under Colorado law.  Accordingly, Citifinancial filed a motion to dismiss the case, and the Denver County District Court dismissed the case on June 25, 2006.  In the meantime, Defendant removed the case to federal court on May 11, 2006.

It appears that this case is moot, but even if it were not, I find that I do not have jurisdiction over this removed action.  This action was brought in Denver District Court pursuant to Colorado Rule of Civil Procedure 120, which is titled "Orders Authorizing Sales Under Powers" and addresses the procedure for obtaining an order of court when a person desires a sale under a power of sale contained in an instrument.  COLO.

R. CIV. P. 120. "The purpose of Rule 120 is to implement the statutory public trustee foreclosure system." *Bakers Park Mining & Milling Co. v. District Court In and For City and County of Denver*, 662 P.2d 483, 485 (Colo. 1983). Rule 120 notes that "neither the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment. The granting of any such motion shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion shall be without prejudice to any right or remedy of the moving party." COLO. R. CIV. P. 120(d). The procedure contemplated by Rule 120 is governed by state law, and I have no jurisdiction to involve myself in this proceeding.

Further, Plaintiff admits in his Amended Notice of Removal that he is a debtor in a Chapter 7 petition, case number 05-45913-MER filed in the United States Bankruptcy Court for the District of Colorado. Am. Notice of Removal at ¶ 2; see also Def.'s Br. in Compliance with Court Order of May 18, 2006 at ¶ 1. The Voice Case Information System of the Bankruptcy Court states that the case is still pending and a Trustee, Jennifer M. McCallum, has been assigned. Thus, the claims at issue herein appear to be part of the bankruptcy estate. Plaintiff has not alleged that the Trustee abandoned these claims, and the Trustee is not a party to this action. Consequently, Plaintiff does not have standing to pursue the claims in this case.

For the reasons stated above, I find that this matter was improperly removed. It is

ORDERED that this case is **REMANDED** to Denver County District Court. It is

FURTHER ORDERED that the Order to Show Cause is **DISCHARGED**.

Dated:  August 15, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge